UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

RECEIVED
MAY 1 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

In re:

Norbert Lee Hart

Debtors.

Case No. A05-01457-DMD
Chapter 7

Filed On
4/24/06

## NOTICE OF REQUIREMENTS FOR PERFECTION OF APPEAL AND OF PROCEDURE FOR ELECTION TO TRANSFER APPEAL TO DISTRICT COURT

A Notice of Appeal was filed in this court by <u>Steven George Fair</u>, appellant, on <u>4/21/2006</u>. *This appeal is being transmitted to the Bankruptcy Appellate Panel for the Ninth Circuit and will be determined by that court unless a party to the appeal files a timely election to have the appeal transferred to the United States District Court for the District of Alaska.* Information on making the election can be found in paragraph 3 of the Amended Order Continuing the Bankruptcy Appellate Panel of the Ninth Circuit. A copy of this amended order is attached.

**NOTICE IS ALSO GIVEN OF THE FOLLOWING REQUIREMENTS FOR PERFECTION OF THE APPEAL:**

A. The appellant shall, within **TEN (10) DAYS** of the date the appeal was filed, file the following with the Clerk of the Bankruptcy Court:

1) A designation of items to be included in the record on appeal ("DOR");

2) A statement of the issues to be presented on appeal (which must also be served on all other parties to the appeal); and

3) If the DOR includes any transcripts of hearings before the Bankruptcy Court, a written request for preparation of the transcript must also be delivered to the Clerk of the Bankruptcy Court.

*Failure to file these documents in a timely manner could result in dismissal of your appeal.*

91

B. Any party filing a cross-appeal must, within **TEN (10) DAYS** after service of the appellant's statement of the issues to be presented, file and serve a statement of the issues to be presented on the cross appeal and a designation of additional items to be included in the record. If such designation includes transcripts of hearings, a written request for preparation of the transcript must also be delivered to the Clerk of the Bankruptcy Court. *Failure to file these documents in a timely manner may result in dismissal of your cross-appeal.*

C. Other parties to the appeal may file and serve a designation of additional items to be included in the record within **TEN (10) DAYS** after service of an appellant's or cross-appellant's designation of record. If such designation includes transcripts of hearings, a written request for preparation of the transcript must also be delivered to the Clerk of the Bankruptcy Court.

D. *If any party to this appeal is not represented by counsel, a copy of the docket in this case is also attached to this notice, along with additional instructions for preparing the designation of record.*

E. For appeals before the United States District Court for the District of Alaska, any party filing a designation of the record must also provide a complete copy of each item designated. Alternatively, the Clerk of the Bankruptcy Court may make copies of the designated items at the party's expense.

DATED: April 24, 2006                            WAYNE W. WOLFE
                                                  Clerk, U.S. Bankruptcy Court

                                                  By: /s/ Robbi Canterbury
                                                       Deputy Clerk

Attachments:   Copy of Amended Order Continuing BAP
               If Pro Se Parties:   Instructions to Pro Se Parties re: Designation of Record
                                    Copy of Docket

Serve: U. S. Trustee
       BAP
       J. Pettigrew, attorney for debtor
       G. Spraker, attorney for trustee
       W. Barstow, trustee
       Steven George Fair, appellant
           4/24/2006

UNITED STATES BANKRUPTCY
APPELLATE PANEL OF
THE NINTH CIRCUIT

Effective November 18, 1988; as amended through May 9, 2002

# AMENDED ORDER CONTINUING THE BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT

JUDICIAL COUNCIL OF THE NINTH CIRCUIT AMENDED ORDER CONTINUING THE BANKRUPTCY APPELLATE PANEL OF THE NINTH CIRCUIT

1.  Continuing the Bankruptcy Appellate Panel Service.

   (a) Pursuant to 28 U.S.C. § 158(b)(1) as amended by the Bankruptcy Reform Act of 1994, the judicial council hereby reaffirms and continues a bankruptcy appellate panel service which shall provide panels to hear and determine appeals from judgments, orders and decrees entered by bankruptcy judges from districts within the Ninth Circuit.

   (b) Panels of the bankruptcy appellate panel service may hear and determine appeals originating from districts that have authorized such appeals to be decided by the bankruptcy appellate panel service pursuant to 28 U.S.C. § 158(b)(6).

   (c) All appeals originating from those districts shall be referred to bankruptcy appellate panels unless a party elects to have the appeal heard by the district court in the time and manner and form set forth in 28 U.S.C. § 158(c)(1) and in paragraph 3 below.

   (d) Bankruptcy appellate panels may hear and determine appeals from final judgments, orders and decrees entered by bankruptcy judges and, with leave of bankruptcy appellate panels, appeals from interlocutory orders and decrees entered by bankruptcy judges.

   (e) Bankruptcy appellate panels may hear and determine appeals from final judgments, orders, and decrees entered after the district court from which the appeal originates has issued an order referring bankruptcy cases and proceedings to bankruptcy judges pursuant to 28 U.S.C. § 157(a).

**2. Immediate Reference to Bankruptcy Appellate Panels.**

Upon filing of the notice of appeal, all appeals are immediately referred to the bankruptcy appellate panel service.

3. Election to District Court - Separate Written Statement Required.

A party desiring to transfer the hearing of an appeal from the bankruptcy appellate panel service to the district court pursuant to 28 U.S.C. § 158(c)(1) shall timely file a separate written statement of election expressly stating that the party elects to have the appeal transferred from the bankruptcy appellate panel service to the district court.

(a) Appellant: If the appellant wishes to make such an election, appellant must file a separate written statement of election with the clerk of the bankruptcy court at the time of filing the notice of appeal. Appellant shall submit the same number of copies of the statement of election as copies of the notice of appeal. See Bankruptcy Rule 8001(a). When such an election is made, the clerk of the bankruptcy court shall forthwith transfer the case to the district court. The clerk of the bankruptcy court shall give notice to all parties and the clerk of the bankruptcy appellate panels of the transfer at the same time and in the same manner as set forth for serving notice of the appeal in Bankruptcy Rule 8004.

(b) All Other Parties: In all appeals where appellant does not file an election, the clerk of the bankruptcy court shall forthwith transmit a copy of the notice of appeal to the clerk of the bankruptcy appellate panels. If any other party wishes to have the appeal heard by the district court, that party must, within thirty (30) days after service of the notice of appeal, file with the clerk of the bankruptcy appellate panels a written statement of election to transfer the appeal to the district court. Upon receipt of a timely statement of election filed under this section, the clerk of the bankruptcy appellate panels shall forthwith transfer the appeal to the appropriate district court and shall give notice of the transfer to the parties and the clerk of the bankruptcy court. Any question as to the timeliness of an election shall be referred by the clerk of the bankruptcy appellate panels to a bankruptcy appellate panel motions panel for determination.

4. MOTIONS DURING ELECTION PERIOD

All motions relating to an appeal shall be filed with the bankruptcy appellate panel service unless the case has been transferred to a district court. The bankruptcy appellate panels may not dismiss or render a final disposition of an appeal within thirty (30) days from the date of service of the notice of appeal, but may otherwise fully consider and dispose of all motions.

5. PANELS

Each appeal shall be heard and determined by a panel of three judges from among those appointed pursuant to paragraph 6, provided however that a bankruptcy judge shall not participate in an appeal originating in a district for which the judge is appointed or designated under 28 U.S.C. § 152.

## 6. MEMBERSHIP OF BANKRUPTCY APPELLATE PANELS

The bankruptcy appellate panel shall consist of seven members serving seven-year terms (subject to reappointment to one additional three-year term). The judicial council shall periodically examine the caseload of the bankruptcy appellate panel service to assess whether the number of bankruptcy judges serving should change. Appointment of regular and pro tem bankruptcy judges to service on the bankruptcy appellate panel shall be governed by regulations promulgated by the Judicial Council.

(a) When a three-judge panel cannot be formed from the judges designated under subparagraph (a) to hear a case because judges have recused themselves, are disqualified from hearing the case because it arises from their district, or are otherwise unable to participate, the Chief Judge of the Ninth Circuit may designate one or more other bankruptcy judge(s) from the circuit to hear the case.

(b) In order to provide assistance with the caseload or calendar relief, or otherwise to assist the judges serving, or to afford other bankruptcy judges with the opportunity to serve on the bankruptcy appellate panels, the Chief Judge of the Ninth Circuit may designate from time to time one or more other bankruptcy judge(s) from the circuit to participate in one or more panel sittings.

## 7. CHIEF JUDGE

The members of the bankruptcy appellate panel service by majority vote shall select one of their number to serve as chief judge.

## 8. RULES OF PROCEDURE

(a) Practice before the bankruptcy appellate panels shall be governed by Part VIII of the Federal Rules of Bankruptcy Procedure, except as provided in this order or by rule of the bankruptcy appellate panel service adopted under subparagraph (b).

(b) The bankruptcy appellate panel service may establish rules governing practice and procedure before bankruptcy appellate panels not inconsistent with the Federal Rules of Bankruptcy Procedure. Such rules shall be submitted to, and approved by, the Judicial Council of the Ninth Circuit.

## 9. PLACES OF HOLDING COURT.

Bankruptcy appellate panels may conduct hearings at such times and places within the Ninth Circuit as it determines to be appropriate.

## 10. CLERK AND OTHER EMPLOYEES.

(a) Clerk's Office. The members of the bankruptcy appellate panel service shall select and hire the clerk of the bankruptcy appellate panel. The clerk of the bankruptcy appellate panel may select and hire staff attorneys and other necessary staff. The chief judge shall have appointment authority for the clerk, staff attorneys and other necessary staff. The members of the bankruptcy appellate panel shall determine the location of the principal office of the clerk.

(b) Law Clerks. Each judge on the bankruptcy appellate panel service shall have appointment-authority to hire an additional law clerk.

## 11. EFFECTIVE DATE

This Order shall be effective as to all appeals originating in those bankruptcy cases that are filed after the effective date of this Order. For all appeals originating in those bankruptcy cases that were filed before October 22, 1994, the Judicial Council's prior Amended Order, as revised October 15, 1992, shall apply. This Order, insofar as just and practicable, shall apply to all appeals originating in those bankruptcy cases that were filed after the effective date of the Bankruptcy Reform Act of 1994, October 22, 1994, but before the date of this Order.

IT IS SO ORDERED.

DATE: April 28, 1995; amended May 9, 2002.




**United States Bankruptcy Court**
**District of Alaska**
605 West Fourth Avenue, Suite 138
Anchorage, Alaska 99501-2296
Phone: (907) 271-2655
**Toll Free: (800) 859-8059**
http://www.akb.uscourts.gov

*Wayne W. Wolfe*
*Clerk of Court*

To:   Pro Se Appellants/Appellees to the Bankruptcy Appellate Panel [BAP] or District Court

Pursuant to Fed. R. Bankr. P. 8006, the party filing an appeal [the appellant] must, **within 10 days of filing the notice of appeal**, file with this office and serve on other parties the following two documents:

   1)   a designation of record on appeal; and
   2)   a statement of issues on appeal.

Within 10 days of the date these two documents are served, the other parties to the appeal [the appellees] may file with the court and serve a designation of additional items to be included in the record. Cross-appellees may file a statement of issues on appeal and their own designations of record, if they wish the appellate court to consider additional issues or portions of the record not included in the appellant's designation and statement.

The designation of record is a list of all the items that the appellant wants the appellate court to include and consider in the record on appeal. The list should identify each document to be included in the record by the date it was filed, the docket entry number and the title of the document. If testimony from a court hearing is to be included in the appellate record, the party that designates that portion of the record must prepare a Transcript Request Form and submit it to the Clerk's Office. The party requesting the transcript must also pay for preparation of the transcript, in advance. The Clerk's Office can provide you with information on the cost of transcript preparation.

The statement of issues on appeal, which you also need to prepare, is your list of the questions that you want the appellate court to consider on appeal.

Because you are representing yourself in this appeal, the Clerk's Office is attaching a copy of the docket in this case to assist with the preparation of your designation of record on appeal. **Please circle the docket numbers of the pleadings that you would like to be included in the record on appeal, and then attach the docket to a cover page bearing the bankruptcy case caption and entitled "Designation of Record on Appeal."** If you want to designate any published depositions or exhibits introduced at hearing or trial, which are not listed on the docket, you must list them separately in your designation.

**If your appeal is before the BAP, you do not need to provide copies of the documents you have designated for consideration on appeal. If your appeal is heard by the District Court, however, you must also provide a complete copy of each document you have circled on the docket, to be included with your designation of record on appeal. The Clerk's Office will make the copies of these documents for you, and you will be charged $0.50 per page for the cost of making copies.**

Once you have completed your designation of record and statement of issues on appeal, return them both to the Clerk's Office. Copies of both documents must also be mailed by first class mail to all other parties involved in the appeal. Failure to designate the record on appeal or file the statement of issues on appeal may result in the dismissal of your appeal. It is important that you prepare and file these documents promptly.